1  Micha Star Liberty (SBN 215687)
   LIBERTY LAW OFFICE
2  1970 Broadway, Suite 700
   Oakland, CA 94612
3  Telephone: (510) 645-1000
   Facsimile: (888) 645-2008
4  Email:  team@libertylaw.com

5  John C. Clune, (Admitted Pro Hac Vice)
   Keith M. Edwards, (Admitted Pro Hac Vice)
6  HUTCHINSON BLACK AND COOK, LLC
   921 Walnut Street, Suite 200
7  Boulder, CO 80302
   Telephone: (303) 442-6514
8  Facsimile: (303) 442-6593
   Email:  clune@hbcboulder.com,
9  kedwards@hbcboulder.com

10

11                  UNITED STATES DISTRICT COURT

12       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

13  J.V.,                              | **Case No.:  18-CV-01397-LHK**

14            Plaintiff,               | Complaint Filed: December 19, 2017

15       v.                            | **PLAINTIFF'S STATEMENT
                                         REGARDING COMPELLING
16  JARRYD HAYNE,                        PRODUCTION OF RECORDS**

17            Defendant.               | **Hearing:**
                                         DATE:          May ___, 2019
18                                       TIME:
                                         CRTRM:     8
19

20                                       Judge:              Hon. Lucy H. Koh
                                         Magistrate Judge:  Hon. Nathanael M.
21                                       Cousins
                                         Place:              Courtroom 8
22

23

24

25

26

27

28

**JOINT STATEMENT REGARDING COMPELLING PRODUCTION OF RECORDS**

## I. CONFERRAL PURSUANT TO CIVIL STANDING ORDER

Pursuant to the Court's Civil Standing Order – Magistrate Judge Nathanael M. Cousins, dated January 6, 2016 (the "Order"), Plaintiff's counsel confirms that counsel for the parties have repeatedly discussed the matters herein via telephone as well as in numerous prior email communications. Although the Order typically requires a joint statement of the parties' position, Plaintiff is filing her statement separately to comply with the deadline of Local Rule 37-3. Defendant will file his statement separately.

## II. PLAINTIFF AND MOVING PARTY'S POSITION

Defendant in this matter is being sued for sexual battery and is alleged to have inflicted sexual contact the Plaintiff without her consent following a night of heavy drinking by Defendant. Plaintiff has alleged that Defendant took Plaintiff, via an app-based ride share known as *Uber*, to his private residence where the assault occurred. Plaintiff has alleged significant vaginal bleeding resulting from the experience.

In November 2018, Defendant was accused in Australia of sexually assaulting another woman, also following a night of heavy drinking.   Defendant this time is alleged to have taken a taxi to the private home of the victim and sexually assaulted her resulting in significant vaginal bleeding. Defendant is currently being prosecuted for that allegation following an interview done with the local police. Prior to the conduct alleged in this lawsuit, Defendant was also accused of making unwelcomed advanced and biting a third woman in a bar after a night of drinking.

Plaintiff has requested that Defendant produce copies of any and all police reports from the 2018 sexual assault incident and Defendant has refused.[1] Though Defendant lists a number of objections, upon conferral for this motion, Defendant appears to rely upon relevance as well as the fact that the criminal matter is still pending.

---

[1] Plaintiff initially requested any documents and communications regarding "any investigation of Your conduct." Defendant objected on the basis of privacy rights, the US Constitution, the California Constitution, confidentiality, and that the documents are not reasonably calculated to lead to the discovery of admissible information, and that the word "Conduct" is vague.  Upon conferral, Plaintiff narrowed the request to documents or communications regarding any act of "violence against women." Defendant indicated that he would consider the narrowed request but has refused to provide further response despite numerous requests from Plaintiff.

**JOINT STATEMENT REGARDING COMPELLING PRODUCTION OF RECORDS**

Plaintiff seeks this information as the evidence is clearly relevant to the claims in dispute in this lawsuit and because evidence of prior instances of sexual misconduct is admissible under FRE 415, "Similar Acts in Civil Cases Involving Sexual Assault or Child Molestation."  The rule provides that other similar acts involving sexual assault may be admissible as provided in Rule 413 or 414.  Rule 413 provides that such evidence may be considered for any issue that is relevant.  As the Court and parties are well aware, the burden for seeking discovery is deliberately set at a low bar.  Information is discoverable where it is "relevant to any party's claim or defense and proportional to the needs of the case . . . ." F.R.C.P. 26(b)(1).  Information "need not be admissible in evidence to be discoverable." *Id.* As a division of this Court has held previously, the "relevance standard is extremely broad . . . ." *James v. Hayward Police Dept.*, Case No. 13-cv-01092-SI, 2017 WL 2437346, *1 (N.D. Cal. Feb. 27, 2017).

Here, Plaintiff seeks the information to determine whether the two alleged crimes, and earlier misconduct in a bar, are similar enough in nature to aid the jury in determining such relevant matters as modus operandi, absence of mistake or accident, intent, plan, or any other relevant issues before the jury.  Plaintiff also seeks the information to determine whether the defense or explanation given by the Defendant to the New South Wales Police is the same or similar to the defense he is lodging in the present case.  Though Plaintiff cannot make such determination without reviewing the records themselves, they clearly meet the extremely broad bar for relevance under F.R.C.P. 26(b)(1). Defendant assertions to the contrary should be rejected.

In regards to the objection that the records cannot be provided as the criminal matter is still pending, Plaintiff has repeatedly suggested that Defendant designate the records as confidential and that Plaintiff will not challenge that designation.  Though the records are clearly relevant for discovery purposes, Plaintiff has no desire to impact that matter and would agree to any reasonable protections requested by the Defendant.

DATED:  May 22, 2019                    HUTCHINSON BLACK & COOK LLP


                                        By:   _____/s/ John Clune_____
                                              JOHN CLUNE
                                              MICHA STAR LIBERTY
                                              Attorneys for Plaintiff J.V.

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on May 22, 2019, I served **PLAINTIFF'S STATEMENT**

3  **REGARDING COMPELLING PRODUCTION OF RECORDS** on the persons listed below by

4  email.

5      Mark D. Baute
   Bryan D. Roth
6  BAUTE CROCHETIERE & HARTLEY LLP
   777 South Figueroa Street, Suite 4900
7  Los Angeles. California 90017
   Mbaute@Bautelaw.Com
8  broth@bautelaw.com

9
   Attorneys for Defendant JARRYD HAYNE
10

11                        By: _____/s/ Ella W. Ford_____
                                 Ella W. Ford
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 18-CV-01397-LHK