**BAUTE CROCHETIERE HARTLEY & VELKEI LLP**
MARK D. BAUTE (State Bar No. 127329)
mbaute@bautelaw.com
BRYAN D. ROTH (State Bar No. 299906)
broth@bautelaw.com
777 South Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

Attorneys for Defendant
JARRYD HAYNE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| J.V., <br><br> Plaintiff, <br><br> v. <br><br> JARRYD HAYNE, <br><br> Defendant. | **Case No.: 18-CV-01397-NC** <br><br> Complaint Filed: December 19, 2017 <br><br> **DEFENDANT JARRYD HAYNE'S RESPONSE TO PLAINTIFF J.V.'S DISCOVERY LETTER BRIEF** <br><br> Judge: Hon. Lucy H. Koh <br> Place: Courtroom 8 |

Plaintiff's letter brief requests Court intervention, under FRE 415, compelling a limited production of records associated with 1) an investigation in Australia in which no charges have been filed, and 2) a prior non-sexual incident at a nightclub in 2006.  Plaintiff's request should be denied for at least five reasons.

First, the alleged 2006 night club incident is irrelevant, not sexual in nature, occurred over 13 years ago, and is unrelated to any communications or contact with law enforcement.  Under FRE 413(d), the term "offense of sexual assault" is defined as "a crime under Federal law or the law of a State ... that involved—(1) any conduct proscribed by chapter 109A of Title 18 U.S.C.; (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person; (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body; (4) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or (5) an attempt or conspiracy to engage in conduct described in paragraphs (1)–(4)."  The incident is clearly not sexual in nature both under a laymen understanding and the statute's express definition[1], and so much time has elapsed since the alleged incident occurred – nearly 13 years – that it has no probative value in this lawsuit.  Finally, that incident was never criminally investigated or charged, and is unrelated to law enforcement or any law enforcement agencies in America or Australia.[2]

Second, Plaintiff's request is untimely under the Court's Case Management Order which set a May 15, 2019 discovery cutoff.  The parties jointly requested more time to conduct discovery and that request was denied by the Court.  Plaintiff's discovery request clearly relates only to alleged "conduct" investigated by the San Jose Police Department, not unrelated matters investigated by the

---

[1] *See, e.g., Johnson v. Elk Lake School Dist.* (3d Cir. 2002) 283 F.3d 138, 149 (holding that district court did not abuse its discretion in not allowing evidence of a prior incident in which the counselor allegedly touched the crotch of a female school employee while lifting her onto his shoulders because it did not meet the definition of "sexual assault" under FRE 413.)

[2] Plaintiff's document request number 11 specifically asked for "All emails, social media messages, text messages, phone messages, and any other ESI, documents or communications in any form whatsoever referring to or relating to any interactions You have had ***with any law enforcement agencies***, including but not limited to the San Jose Police Department, regarding any investigation of ***Your conduct***." (Emphasis added).

Australian authorities. Accordingly, because fact discovery has now closed, Plaintiff has waived her right to seek discovery into Defendant's alleged prior acts of sexual violence against women.

Third, the evidence sought is both inadmissible and undiscoverable under FRE 403. FRE 415 creates a very limited exception, in certain cases involving sexual assault or child molestation, to FRE 404(b)'s general bar against propensity evidence. *See Frank v. County of Hudson* (D.N.J. 1996) 924 F.Supp. 620, 626 (holding that FRE 403 balancing test is conducted to determine whether prior bad acts are discoverable). There is heightened risk of prejudice, where, as here, the "other act" is merely a baseless allegation with no conviction and otherwise no basis to conclude that Defendant is guilty of the alleged conduct.[3] The investigation in Australia is ongoing, Defendant vehemently denies the allegations and nothing has been adjudicated.

Fourth, Defendant has already fully complied with the discovery request. Documents associated with the San Jose Police Department investigation, including relevant communications, have already been produced in this matter. The San Jose Police Department fully investigated the allegations, found the matter to be baseless and declined to file charges. Plaintiff already has possession of all documents from the San Jose Police Department that are relevant in this case, including the District Attorney's refusal to prosecute the matter.

Fifth, the discovery request clearly relates to the San Jose Police Department, not authorities in Australia, and due to the Fifth Amendment equivalent in Australia, no documents related to that matter can or will be provided to anyone. New South Wales recognizes an absolute right against self-incrimination[4] and thus Defendant cannot be compelled to turn over documents regardless of the existence of a protective order.

---

[3] As Justice Brennan once noted, "This danger is particularly great where ... the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged." *Dowling v. United States*, 493 U.S. 342, 361–62, 110 S.Ct. 668, 679, 107 L.Ed.2d 708 (1990) (Brennan, J., dissenting) (emphasis added); *see also* 140 Cong. Rec. 15,209 (1994) (statement of Rep. Kyl) (stating that the new rules will not apply to "allegations" but only to "prior offenses" where "an accused has been convicted of similar conduct").

[4] *See* New South Wales Consolidated Evidence Act, Section 128.

BAUTE CROCHETIERE HARTLEY & VELKEI LLP
777 South Figueroa Street, Suite 3800
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1   For the foregoing reasons, Plaintiff's letter brief should be denied in its entirety.

3   DATED:  May 23, 2019                    BAUTE CROCHETIERE HARTLEY & VELKEI LLP

4                                           By:       /s/  Bryan D. Roth
5                                                 MARK D. BAUTE
                                                  BRYAN D. RTOH
6                                                 Attorneys for Defendant
                                                  JARRYD HAYNE

BAUTE CROCHETIERE HARTLEY & VELKEI LLP
777 South Figueroa Street, Suite 3800
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

286009.1                              4                     Case No. 18-CV-01397-NC
**DEFENDANT JARRYD HAYNE'S RESPONSE TO PLAINTIFF J.V.'S DISCOVERY LETTER BRIEF**

# CERTIFICATION OF SERVICE

I, Bryan D. Roth, hereby certify that on this 23rd day of May, 2019, a copy of the foregoing **DEFENDANT JARRYD HAYNE'S RESPONSE TO PLAINTIFF J.V.'S DISCOVERY LETTER BRIEF** was served via E-mail, on the following:

| | |
|---|---|
| Micha S. Liberty, Esq.<br>LIBERTY LAW OFFICE<br>1970 Broadway, Suite 700<br>Oakland, California  94612<br>Telephone: (510) 645-1000<br>Facsimile: (888) 645-2008<br>Email: team@libertylaw.com;<br>micha@libertylaw.com | Attorneys for Plaintiff J.V. |
| John C. Clune, Esq.<br>HUTCHINSON, BLACK AND COOK LLC<br>921 Walnut Street, Suite 200<br>Boulder, Colorado  80302<br>Telephone: (303) 442-6514<br>Facsimile: (303) 442-6593<br>Email: clune@hbcboulder.com | Attorneys for Plaintiff J.V. |

                                                  /s/  Bryan D. Roth
                                                BRYAN ROTH

BAUTE CROCHETIERE HARTLEY & VELKEI LLP
777 South Figueroa Street, Suite 3800
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

286009.1                                                        5                                              Case No. 18-CV-01397-NC
**DEFENDANT JARRYD HAYNE'S RESPONSE TO PLAINTIFF J.V.'S DISCOVERY LETTER BRIEF**